IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00957-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

JAMES KERN,

    Plaintiff,

v.

C.O. (F.N.U.) ANDREWS,
LT. (F.N.U.) ALLEN,

    Defendants.

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff, James Kern, is in the custody of the Federal Bureau of Prisons in Forrest City, Arkansas.  Plaintiff, acting *pro se*, initiated this action by filing a "Complaint for Damages for Conversion of Property," (ECF 1) based on events that occurred while he was incarcerated at the F.C.I. Englewood in Colorado.  Plaintiff also submitted a Motion for Leave to Proceed in Forma Pauperis (ECF 3) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF 4).  The Court has opened a civil action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On May 7, 2015, as part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court determined that the submitted documents were deficient and ordered Plaintiff to cure the designated deficiencies within thirty days of the order. (ECF No. 5). Specifically, the court ordered Plaintiff to submit the Complaint and § 1915 Motion and

Affidavit on the current court-approved prisoner forms. (*Id.*)

In response to the Order to Cure, on June 8, 2015, Plaintiff filed an Amended Complaint (ECF No. 6) and a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 (ECF No. 7).  However, the submitted § 1915 Motion and Affidavit is still deficient as designated below.  It appears that Plaintiff attempted to comply with the Court's previous order to cure, so he will be given one additional opportunity to cure the following if he wishes to pursue his claims in this Court in this action.  Any papers that Plaintiff files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
2)   __  is not on a proper Court-approved form (must use the Court's current Prisoner "Motion Pursuant to 1915 (Waive Fee) Complaint" form).
(3)  _X_ is missing affidavit
(4)  __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(5)  __  is missing certificate showing current balance in prison account
(6)  __  is missing authorization to calculate and disburse filing fee payments
(7)  __  is missing an original signature by the prisoner
(8)  _X_ other: Motion is missing the entire second page of the court-approved form.

**Complaint, Petition or Application**:
(9)  __  is not submitted
(10) __  is not on proper form (must use the Court-approved Prisoner Complaint Form).
(11) __  is missing an original signature by the prisoner
(12) __  is missing page nos. ___
(13) __  uses et al. instead of listing all parties in caption
(14) __  names in caption do not match names in text
(15) __  other:

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty**

**days** from the date of this Order.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that the Plaintiff shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Plaintiff shall use the forms in curing the deficiencies noted.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** this action will be dismissed without further notice.

DATED:  June 18, 2015, at Denver, Colorado.

BY THE COURT:


s/ Gordon P. Gallagher
United States Magistrate Judge