IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00957-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

JAMES KERN,

    Plaintiff,

v.

C.O. (F.N.U.) ANDREWS,
LT. (F.N.U.) ALLEN,

    Defendants.

## ORDER DIRECTION PLAINTIFF TO AMEND COMPLAINT

Plaintiff, James Kern, is in the custody of the Federal Bureau of Prisons in Forrest City, Arkansas.  Plaintiff, acting *pro se*, has filed an Amended Prisoner Complaint based on events that occurred while he was incarcerated at the F.C.I. Englewood in Colorado. (ECF No. 6).  Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 11).

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

To state a claim in federal court Plaintiff must explain (1) what a named defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It appears that Plaintiff is attempting to bring an action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against two Bureau of Prisons (BOP) employees. "*Bivens* claims allow plaintiffs to recover from individual federal agents for constitutional violations these agents commit against plaintiffs." *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002); *see also Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (in *Bivens*, the Supreme Court recognized "an implied private

2

right of action for damages against federal officers alleged to have violated a citizen's constitutional rights"). *Bivens* actions may only be brought against federal employees in their individual capacities, not against the United States or its employees sued in their official capacities. *See Malesko*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity — not . . . against officials in their official capacity").

In the caption of the Amended Complaint, Plaintiff does not indicate if he is suing the defendants in their individual or official capacities. However, in the "Parties" section of the Complaint, he states that "Defendants were acting in their official capacities as employees of the Bureau of Prisons." (ECF No. 6 at 2). If he is indeed pursuing a *Bivens* action, Plaintiff can only sue the federal employees in their individual capacities. Therefore, Plaintiff should name as defendants in his amended complaint only the federal employees, in their individual capacities, that he contends actually violated his federal constitutional rights.

Additionally, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* . . . for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a *Bivens* suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). This Court, however, will give Plaintiff an opportunity to cure the deficiencies in the complaint by submitting an Amended Complaint that sues the proper parties and complies with the requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that Plaintiff, James Kern, cure the designated deficiencies and file

an amended Complaint that sues the proper parties, alleges specific facts in support of his claims and demonstrate how each named Defendant personally participated in the asserted constitutional violation, and complies with Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint as directed **within thirty days from the date of this order**, the Complaint and action may be dismissed without further notice.

DATED July 23, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge