IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00957-GPG

JAMES KERN,

    Plaintiff,

v.

C.O. (F.N.U.) ANDREWS,
LT. (F.N.U.) ALLEN,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, James Kern, is in the custody of the Federal Bureau of Prisons in Forrest City, Arkansas. On May 5, 2015, Plaintiff, acting *pro se*, initiated this action by filing a "Complaint for Damages for Conversion of Property," (ECF No. 1) based on events that occurred while he was incarcerated at the F.C.I. Englewood in Colorado. The Court opened a civil action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

    On May 7, 2015, as part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court determined that the submitted documents were deficient and ordered Plaintiff to cure the designated deficiencies within thirty days of the order. (ECF No. 5). Specifically, the court ordered Plaintiff to submit the Complaint and § 1915 Motion and Affidavit on the current court-approved prisoner forms. (*Id.*). Plaintiff was warned that if he failed to cure the designated deficiencies, the complaint and action could be dismissed without further notice.

    In response to the Order to Cure, on June 8, 2015, Plaintiff filed an Amended

Complaint (ECF No. 6) and a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 (ECF No. 7). However, the submitted § 1915 Motion and Affidavit was still deficient because it was missing the signed affidavit and the entire second page of the court-approved form. The Court granted Plaintiff one additional opportunity to cure the designated deficiencies if he wished to pursue his claims. (ECF No. 8).

In response, on June 29, 2015, Plaintiff filed a complete Motion and Affidavit to Proceed Under 28 U.S.C. § 1915 on the court-approved form. (ECF No. 9). The Court granted the motion on July 15, 2015. (ECF No. 11).

On July 23, 2015, the Court ordered Plaintiff to amend the Complaint. (ECF No. 12). Specifically, the Court ordered Plaintiff to submit a Complaint that sued the proper parties, alleged specific facts in support of his claims, demonstrated how each named Defendant personally participated in the asserted constitutional violation, and otherwise complied with Rule 8 of the Federal Rules of Civil Procedure. The Court warned the Plaintiff that if he failed to file an amended complaint as directed within thirty days, the complaint and action could be dismissed without further notice.

On August 14, 2015, Plaintiff filed a "First Amended Complaint." (ECF No. 13). However, the First Amended Complaint was not on the current court-approved complaint form. The Court previously informed Plaintiff that his complaint must be on the current court-approved Prisoner Complaint form. (ECF No. 5). Plaintiff has received numerous opportunities to submit a proper complaint and IFP motion. (ECF No. 5, 8, 12). Although the Court construes *pro se* filings liberally and provides *pro se* plaintiffs with an opportunity to cure deficiencies, the Court cannot provide an unlimited amount of opportunities for a party to submit a proper complaint and especially cannot provide

such opportunities to correct the *same* deficiency.

"[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).  Local Civil Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the Court-approved forms found on the Court's website.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights). Therefore, Plaintiff's First Amended Complaint and this action will be dismissed without prejudice for disregarding a court order and failing to proceed as required by court rules.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance

with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the First Amended Complaint and this action are dismissed without prejudice for disregarding a court order and failing to proceed as required by court rules. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 26th day of August, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court