IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00957-LTB

JAMES KERN,

    Plaintiff,

v.

C.O. (F.N.U.) ANDREWS,
LT. (F.N.U.) ALLEN,

    Defendants

---

ORDER DENYING MOTION TO RECONSIDER

---

On September 28, 2015, Plaintiff, James Kern, filed a Motion for Reconsideration. (ECF No. 16). Mr. Kern asserts the Court should vacate its Order of Dismissal because he is being denied meaningful access to the courts just because he cannot obtain the court-approved forms. The Court must construe the request liberally because Mr. Kern is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will deny the Motion for Reconsideration for the following reasons.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United*

1

*States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered filed pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Plaintiff's Motion for Reconsideration was filed on September 28, 2015, thirty-three days after a final judgment was entered dismissing this action on August 26, 2015. However, the Motion for Reconsideration is dated September 22, 2015, which is twenty-seven days after judgment was entered, and the envelope was stamped by Prison officials as deposited in the prison mail system on that same day (*See* ECF No. 16 at 3-4). In light of the Court's obligation to *pro se* litigants, as well as in consideration of the obstacles inherent in sending mail through the prison system, the Court accepts the Motion for Reconsideration as filed under the Rule 59(e) deadline and will consider the Motion pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1243; *see also Hall*, 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers"); *Mitchell v. Medina*, 12-cv-00251-BNB, 2012 U.S. Dist. LEXIS 63088, 2012 WL 1578737, at *3-4 (D. Colo. May 4, 2012) (describing prison mailbox rule).

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in

controlling law; (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp.*, 57 F.3d at 944.

     In the Motion to Reconsider, Mr. Kern asserts that he is a prisoner in the Eastern District of Arkansas and does not have access to this Court's forms and is unable to use the internet to obtain the needed forms. (ECF No. 16 at 1-2). He also asserts that he previously advised the Clerk of Court by letter that he did not have access to the forms utilized by the District of Colorado and requested that the Clerk of Court send him copies of the court-approved forms. (*Id.* at 2). Contrary to Mr. Kern's assertion, his only letter to the Clerk of Court was filed on June 29, 2015 (ECF No. 10) *after* he had filed an Amended Complaint on June 8, 2015 on the court-approved form (ECF No. 6).  His letter did not request that the Clerk of Court send him copies of the forms, but rather informed the court that he was attempting to comply with the Court's order and if "there is still a deficiency, or if I have misunderstood your Order as to what form you are seeking, please let me know." (ECF No. 10).  Nowhere in the letter did he assert that he did not have access to the court-approved forms, nor did he request that the Clerk of Court send him copies of the forms.  Further, at the time he submitted his letter to the Court, he had cured the noted deficiencies and submitted both a complaint and a § 1915 Motion on the correct forms.  Therefore, it is obvious that at some point,

Mr. Kern did have access to the court-approved forms. The fact that Mr. Kern had complied and filed the court-approved forms demonstrates that he was aware of what forms were required and that he had access to the forms. Additionally, there is no evidence that he ever informed the court that he could not obtain the court-approved forms. Mr. Kern supplies no explanation for why he was able to file his first amended Complaint on the court-approved form but then was not able to file his second amended Complaint on the correct form.

Therefore, Mr. Kern has not provided any reasons to alter or amend the judgment. As discussed in the Order of Dismissal, Rule 5.1(C) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, states: "[A]n unrepresented prisoner or party shall use the forms and procedures posted on the court's website." The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (no abuse in its discretion in dismissing civil rights action without prejudice for noncompliance with local rules requiring prisoner to use court-approved form to file complaint); *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (within district court's discretion and no violation of equal protection rights to dismiss prisoner's complaint for failure to use court-approved forms pursuant to local rule).

After review of the Motion for Reconsideration and the entire file, the Court finds that Mr. Kern fails to demonstrate why the Court should reconsider and

vacate the decision to dismiss the complaint.  Plaintiff is reminded that the dismissal was without prejudice and that he may file a new civil rights action if he desires. Accordingly, it is

ORDERED that Mr. Kern's Motion for Reconsideration (ECF No. 16) is construed as filed pursuant to Fed. R. CIv. P. 59(e) and is DENIED.

DATED at Denver, Colorado, this  2nd  day of    October    , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court